## Commonwealth v. Williams

*F. Porter Wagner*, District Attorney for Commonwealth.

KREISHER, P. J., April 11, 1957.—A member of the Pennsylvania State Police lodged an information against the above captioned defendant for a violation of the 50 mile per hour speed limit established for route eleven between Bloomsburg and Danville, Montour County.

The officer testified that he clocked defendant for approximately one mile at the speed of 65 miles an hour.

Defendant testified in his own behalf admitting that he was traveling 55 miles an hour but denied traveling at 65 miles an hour at any time.

He testified that when he was stopped by the officer and informed by the officer that he was to be arrested for traveling 65 miles per hour, he asserted that he was only going 55 miles an hour and so informed the officer.

The purpose of defendant's appeal, even though admitting that he violated The Vehicle Code of May 1, 1929, P. L. 905, by exceeding the 50 mile per hour speed limit, is to have the court fix the speed at which he was traveling, because under the new regulations established by the Bureau of Highway Safety, Department of Revenue, the penalty invoked for speed is less severe at 55 miles per hour than at 65 miles per hour.

We have examined the act of assembly and we find no authority for the court to fix the exact speed at which a person was traveling at the time of his arrest, but find it only to be the court's duty to determine whether defendant violated any provisions of the act setting forth speed limitations.

We have heard the testimony of the officer fixing defendant's speed at 65 miles per hour as opposed to the testimony of defendant fixing his speed at 55 miles an hour.

It is oath against oath, and even though in the criminal court defendant is entitled to the benefit of every doubt, if defendant, himself, admits the violation of the law, the court is bound to adjudge him guilty. Whether the Bureau of Highway Safety chooses to believe the testimony of defendant or that of the officer is not a matter to be disposed of by the court.

All that we are bound to do under the law is to determine the guilt or the innocence of defendant and since defendant, himself, has admitted that he was traveling 55 miles an hour at the time of the violation, our duty is firmly established and we are bound under the law to declare that defendant did exceed the speed limit set forth in the act of assembly for the road he was traveling at the time of the offense and, therefore, we enter the only possible order under the testimony, as follows:

### Order

And now, to wit, April 11, 1957, we adjudge defendant guilty and direct that the District Attorney notify defendant to appear in court for sentence on April 25, 1957, unless in the meantime said defendant shall pay the costs of prosecution and a fine of $10 to the Commonwealth of Pennsylvania for the use of the County of Montour.